IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLE LEE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>V.<br><br>CENTER FOR PSYCHOLOGICAL HEALTH CARE, INC., CPHC MANHOOD TRAINING, INC., IVORY L. TOLDSON and FRANCES M. TOLDSON<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Nicole Lee ("Plaintiff"), on behalf of herself and all others similarly situated, files this Original Complaint against the Center for Psychological Health Care, Inc., ("CPHC"), CPHC Manhood Training, Inc. ("Manhood Training"), Ivory L. Toldson ("I. Toldson") and Frances M. Toldson ("F. Toldson") (collectively "Defendants") showing in support as follows:

## INTRODUCTION AND FACTUAL SUMMARY

1. This is a lawsuit to recover unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of Plaintiff and other similarly situated direct care staff employed by Defendants from December 1, 2008 forward.

2. The Plaintiff was employed as a direct care staff employee for Defendants from approximately October 2005 to October 2010. Plaintiff's corporate employer was CPHC and/or Manhood Training where she worked at the "CPHC Manhood Training Village" facility in Baton Rouge, Louisiana. I. Toldson is the owner and chief executive officer of CPHC and a director of Manhood Training. I. Toldson has operational control over CPHC and Manhood Training and meets the definition of employer and/or joint employer under the FLSA. F. Toldson is the chief

*Original Complaint - Page 1 of 12*

operating officer of CPHC, and on information and belief is also an owner of CPHC. F. Toldson is also a director for Manhood Training. F. Toldson has operational control over CPHC and Manhood Training and meets the definition of employer and/or joint employer under the FLSA.

3. Plaintiff sought assistance from the U.S. Department of Labor ("DOL") in recovering unpaid overtime wages prior to filing this lawsuit. While the DOL did find that Plaintiff was a non-exempt employee and that the Center for Psychological Health Care, Inc. violated the overtime wage provisions of the FLSA as to Plaintiff, the DOL for some reason limited its investigation to the time period between April 18, 2009 and March 27, 2010, and did not recover adequate compensation or liquidated damages. The DOL also did not seek recovery from any Defendant in this lawsuit other than the Center for Psychological Health Care, Inc. Plaintiff seeks recovery of unpaid overtime wages, liquidated damages and legal fees for the time periods between December 1, 2008[1] to April 17, 2009 and March 28, 2010 to the end of Plaintiff's employment in October 2010. Plaintiff also seeks the balance of unpaid back wages, liquidated damages and legal fees for the time period relevant to the DOL investigation which is between April 18, 2009 and March 27, 2010.[2]

---

[1] Plaintiff and the putative collective action members allege that Defendants' violations of the FLSA were willful and seek a three year statute of limitations. Prior to the filing of this lawsuit, counsel for Defendants agreed to a tolling of the statute of limitations effective December 1, 2011. Accordingly, Plaintiff and the putative class members seek recovery for FLSA damages from December 1, 2008 forward.

[2] While the DOL did order back wages be paid to Plaintiff in the amount of $3,706.30, Plaintiff did not sign Form WH-58 and accordingly did not accept that amount as payment in full and did not agree to waive her right to liquidated damages and legal fees. When Plaintiff questioned the DOL about its calculation of the amount due, she was told to hire her own private lawyer if she wished to pursue additional compensation or damages. However, should this Court find that Plaintiff somehow is not entitled to recovery as to CPHC by virtue of the DOL action, then Plaintiff seeks recovery of all available damages from CPHC Manhood Training, I. Toldson and/or F. Toldson.

*Original Complaint - Page 2 of 12*

4.   Consistent with the findings by the DOL, Plaintiff was a non-exempt employee under the FLSA. However, despite regularly working more than 40 hours per workweek, Plaintiff was never paid overtime wages as required by the FLSA.

5.   Since December 1, 2008, Defendants employed and continue to employ several employees that are similarly situated to Plaintiff with respect to hours worked, exemption status, compensation method and job duties. Defendants typically employ between 13 to 15 direct care staff employees that are similarly situated to Plaintiff. Like Plaintiff, the members of the putative class were not paid overtime compensation for all hours worked over 40 in relevant workweeks. While most direct care staff were paid hourly, it is believed that some were converted to salary at varying times without any corresponding change in primary job duties.

6.   Plaintiff and similarly situated direct care staff employees worked on the production side of the business with the primary duty of providing daily interaction with the CPHC Manhood Training residents. Sometimes this interaction was with only one resident, and at other times the interaction was with groups of residents. The primary duties of direct care staff employees included teaching, cooking, cleaning and monitoring the daily lives of CPHC Manhood Training Village residents. Plaintiff and similarly situated employees engaged in interstate commerce in the performance of their primary duties. Examples include the use of teaching, cooking, communication and cleaning goods manufactured and/or distributed in interstate commerce.

7.   Plaintiff and similarly situated employees worked a schedule that regularly involved working more than 40 hours per week. Plaintiff and similarly situated employees were primarily paid hourly, although the pay structure was changed to salary for some or possibly all direct care staff employees. For example, Plaintiff was paid hourly until approximately May

2010 when she was changed to salary despite no corresponding change in primary job duties. However, at no time were Plaintiff and similarly situated employees exempt from the FLSA overtime wage laws. Plaintiff and similarly situated employees were not paid overtime compensation for overtime hours worked. The terms and conditions of employment for Plaintiff and similarly situated employees were subject to the operational control of I. Toldson and F. Toldson, and those Defendants controlled and/or were responsible for the business decisions that resulted in the violation of the FLSA rights of Plaintiff and similarly situated employees.

8. Defendants failed to comply with the FLSA because they did not pay Plaintiff and similarly situated employees overtime wages for each hour worked over 40 for each and every workweek. Plaintiff and the putative collective action members seek all damages permitted by the FLSA for Defendants' failure to pay overtime wages from December 1, 2008 forward.

## THE PARTIES, JURISDICTION AND VENUE

9. Plaintiff Nicole Lee is a former employee of Defendants and is a natural person who resides in Arlington, Texas. She has standing to file this lawsuit. She worked for Defendants at a location within Middle District of Louisiana from approximately October 2005 to October 2010.

10. The putative collective action members are current and former direct care staff employees with the job duties described in Paragraphs 5, 6 and 7 above who are/were employed by Defendants since December 1, 2008. Like the named Plaintiff, these persons are/were engaged in interstate commerce in performing their duties for Defendants. All of the putative collective action members are similarly situated to Plaintiff and to one another within the meaning of Section 216(b) of the FLSA.

11. Defendant Center for Psychological Health Care, Inc. is a Louisiana business corporation with its principal place of business at 861 Main Street, Baton Rouge, Louisiana. It is a privately held business entity that is owned and operated by I. Toldson and, on information and belief, F. Toldson. On information and belief, Plaintiff alleges that, at all times relevant to this lawsuit, the Center for Psychological Health Care, Inc. was doing business as CPHC Manhood Training, Inc. and/or CPHC Manhood Training Village. Alternatively, Plaintiff alleges, on information and belief, that CPHC Manhood Training, Inc. was a division of the Center for Psychological Health Care, Inc. and/or that CPHC Manhood Training Village was a division of the Center for Psychological Health Care, Inc. Plaintiff's allegations are supported by the fact that, although Plaintiff's pay stubs list CPHC Manhood Village, Plaintiff's W-2's identify the Center for Psychological Health Care as Plaintiff's employer. Additionally, correspondence to Plaintiff regarding aspects of her employment, such as compensation, job duties and performance evaluations, was issued from the Center for Psychological Health Care, Inc. Furthermore, the aforementioned DOL finding of FLSA liability for overtime wages to Plaintiff was against the Center for Psychological Health Care Inc. only. The Center for Psychological Health Care, Inc. is an employer pursuant to the FLSA. Alternatively, the Center for Psychological Health Care, Inc. is a joint employer pursuant to the FLSA. The Center for Psychological Health Care, Inc. may be served with process by serving its registered agent, Ivory L. Toldson at 4314 Rue De Valeur Place, Baker, Louisiana, 70714.

12. Defendant CPHC Manhood Training, Inc. is a Louisiana non-profit corporation. Its principal place of business is identical to the address listed for the Center for Psychological Health Care, Inc. – 861 Main Street, Baton Rouge, Louisiana. According to records from the Louisiana Secretary of State, CPHC Manhood Training has three directors – Kilah Toldson,

Ivory L. Toldson and Frances M. Toldson. The latter two directors are named as individual Defendants in this lawsuit. Plaintiff incorporates by reference, as if fully set forth herein, the claims and allegations set forth in the foregoing paragraph in this Complaint. Alternatively, Plaintiff alleges on information and belief that CPHC Manhood Training Village is a division of CPHC Manhood Training, Inc. CPHC Manhood Training, Inc. is an employer pursuant to the FLSA. Alternatively, CPHC Manhood Training, Inc. is a joint employer pursuant to the FLSA. CPHC Manhood Training, Inc. may be served with process by serving its registered agent, Ivory L. Toldson at 4314 Rue De Valeur Place, Baker, Louisiana, 70714.

13. Defendant Ivory L. Toldson is an individual and a resident of Louisiana. According to public information filed with the Louisiana Secretary of State, I. Toldson is the president of CPHC and a director of Manhood Training. According to statements from CPHC, I. Toldson is the chief executive officer and owner of CPHC. I. Toldson has operational control over compliance with the FLSA for his business entity/entities. I. Toldson's responsibilities include hiring, firing, job duties, compensation, finances, employee performance evaluations and compliance with the overtime pay requirements of the FLSA for Plaintiff and similarly situated employees. As the chief executive officer, owner and director I. Toldson has operational control over employment related decisions including compliance with the overtime wage provisions of the FLSA. I. Toldson has economic control over the ultimate decisions made by CPHC and Manhood Training, and individuals acting on behalf of CPHC and Manhood Training with regards to compliance with the FLSA. I. Toldson was regularly present in the business location where Plaintiff and similarly situated employees worked where he exercised his duties as a chief executive officer, owner, director and psychologist. As such, I. Toldson knew or should have known that: Plaintiff and similarly situated employees were working more than 40 hours per

workweek; that Plaintiff and similarly situated employees, as non-exempt employees, were entitled to overtime compensation for all hours worked over 40 in a workweek; and that Plaintiff and similarly situated employees were not being paid overtime premiums for their overtime hours. Despite having the clear and undisputable authority and operational control as a chief executive officer, owner and director to ensure compliance with the FLSA, I. Toldson failed to take sufficient action to ensure compliance. I. Toldson meets the definition of employer under the FLSA. Alternatively, I. Toldson is a joint employer under the FLSA. Ivory L. Toldson can be served with process at 4314 Rue De Valeur Place, Baker, Louisiana, 70714.

14.     Defendant Frances M. Toldson is an individual and a resident of Louisiana. According to public information filed with the Louisiana Secretary of State, F. Toldson is the secretary/treasurer of CPHC and a director of Manhood Training. According to statements from CPHC, F. Toldson is the chief operational officer of CPHC. On information and belief, Plaintiff alleges that F. Toldson is an owner of CPHC. F. Toldson has operational control over compliance with the FLSA for her business entity/entities. F. Toldson's responsibilities include payroll, employee performance evaluations, scheduling, hiring, firing, job duties, compensation and compliance with the overtime pay requirements of the FLSA for Plaintiff and similarly situated employees. As the chief operating officer, owner and director F. Toldson has operational control over employment related decisions including compliance with the overtime wage provisions of the FLSA. F. Toldson has economic control over the ultimate decisions made by CPHC and Manhood Training, and individuals acting on behalf of CPHC and Manhood Training with regards to compliance with the FLSA. F. Toldson was regularly present in the business location where Plaintiff and similarly situated employees worked where she exercised her duties as a chief operating officer, owner and director. As such, F. Toldson knew or should

have known that: Plaintiff and similarly situated employees were working more than 40 hours per workweek; that Plaintiff and similarly situated employees, as non-exempt employees, were entitled to overtime compensation for all hours worked over 40 in a workweek; and that Plaintiff and similarly situated employees were not being paid overtime premiums for their overtime hours. Despite having the clear and undisputable authority and operational control as a chief operating officer, owner and director to ensure compliance with the FLSA, F. Toldson failed to take sufficient action to ensure compliance. F. Toldson meets the definition of employer under the FLSA. Alternatively, F. Toldson is a joint employer under the FLSA. Frances M. Toldson can be served with process at 4314 Rue De Valeur Place, Baker, Louisiana, 70714.

15. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. During all times relevant to this lawsuit, Defendants have done business in the State of Louisiana, and they continue to do business in the State of Louisiana.

16. At all times relevant to this lawsuit, Defendants have employed more than two employees and are engaged in interstate commerce. On information and belief, Defendants have annual gross sales in excess of $500,000.

17. The Court has subject matter jurisdiction over this case based on federal question jurisdiction because Plaintiff bases her claim and the claims on behalf of the putative collective action members on federal law, 29 U.S.C. § 201, *et seq.*

## CONTROLLING LEGAL RULES

18. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

19. At times, the Plaintiff and the putative collective action members were not paid on a salary basis and cannot qualify for any relevant exemption from the overtime wages laws during pertinent time periods.

20. Plaintiff and the putative collective action members were not "exempt" from the FLSA overtime wage laws.

21. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA.

22. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

23. Individual officers and managers of a business entity can be considered employers under the FLSA in addition to the corporate entity. *See Donovan v. Grim Hotel Co.,* 747 F.2d 966, 972 (5th Cir.1984) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages"); *Grim Hotel Co.,* 747 at 971 (quoting *Falk v. Brennan,* 414 U.S. 190, 195, 94 S. Ct. 427, 38 L. Ed. 2d 406 (1973)) ("The definition of "employer" under the FLSA is "expansive," extending liability for persons with "managerial responsibilities" and "substantial control of the terms and conditions of the [employee's] work.").

### FLSA CLAIM FOR OVERTIME PAY

24. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et seq.*

25. All conditions precedent to this suit, if any, have been fulfilled.

26. At all material times, Plaintiff and the putative collective action members are/were employees under the FLSA. 29 U.S.C. § 203(e).

27. At all material times, the putative collective action members were similarly situated to the Plaintiff and to each other and are/were employees under the FLSA. 29 U.S.C. § 203(e).

28. At all material times, Defendants were and are eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

29. Plaintiff and the putative collective action members regularly worked in excess of 40 hours per seven-day workweek since December 1, 2008.

30. At all material times, Plaintiff and the putative collective action members were and are entitled to overtime compensation at one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1).

31. Defendants failed to pay Plaintiff and putative collective action members overtime compensation for all hours worked over 40 in a seven-day workweek.

32. Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

33. Defendants have not made a good faith effort to comply with the requirements of 29 U.S.C. § 260. Accordingly, Plaintiff and the putative collective action members are entitled to liquidated damages.

34. Where, as here, "the employers" actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case).

35. Accordingly, Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of "all current and former direct care staff employees who are/were employed by Defendants and who were not paid overtime compensation for hours worked over 40 in any workweek from December 1, 2008 forward." Alternatively, should the Court find that Defendants' conversion of some direct care staff employees from hourly to salary makes them not similarly situated for purposes of certification of a FLSA collective action, then Plaintiff seeks to represent two classes – one for employees/time periods that direct care staff were paid hourly and another when direct care staff were paid a salary.

36. Plaintiff hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §§ 207, 216(b) and 256.

## JURY DEMAND

37. Plaintiff demands a jury trial.

## TRIAL ATTORNEY DESIGNATION

38. Pursuant to LR 11.2, J. Burton LeBlanc, IV is initially designated as trial attorney. However, a Motion to Admit Allen Vaught as a visiting attorney is being filed contemporaneously with this Original Complaint, and it is the intention of Counsel for Plaintiff that Allen Vaught be designated as trial attorney upon the Court's approval of visiting attorney status.

## DAMAGES AND PRAYER

39. Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiff and those persons similarly situated to Plaintiff be awarded a judgment against Defendants for the following:

    a.    Actual damages in the amount of unpaid overtime wages;

    b.    Liquidated damages under the FLSA;

c.  Pre-judgment and post-judgment interest;

d.  Court costs;

e.  Reasonable attorney's fees; and

f.  All other relief to which Plaintiff and those similarly situated to Plaintiff are entitled.

Respectfully submitted,

/s/ J. Burton LeBlanc, IV
J. Burton LeBlanc, IV (Bar Roll No.20491)
Baron & Budd, P.C.
9015 Bluebonnet Boulevard
Baton Rouge, Louisiana 70810
Phone: 225/927-5441
Fax:    225/927-5449

ATTORNEYS FOR PLAINTIFF