UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| NICOLE LEE | * | CIVIL ACTION |
| --- | --- | --- |
| VERSUS | * | NO. 12-27 |
| CENTER FOR PSYCHOLOGICAL HEALTH CARE, INC., ET AL. | * | JUDGE FALLON |

## ORDER & REASONS

Before the Court is a Motion to Set Aside Preliminary Default (Rec. Doc. No. 17), filed by Defendants. The Court has reviewed the submitted memoranda and the applicable law. For the following reasons, the Motion to Set Aside Preliminary Default is granted.

**I.   BACKGROUND**

This case arises out of the employment of Plaintiff by Defendants from approximately October 2005 to October 2010. Plaintiff alleges that, during that time, Defendants failed to pay her due overtime wages. As a result, she sought assistance from the United States Department of Labor. Although the Department of Labor conducted an audit of Defendant Center for Psychological Health Care, Inc., Plaintiff alleges that scope of the investigation was inadequate and would not allow her to recover adequate compensation or liquidated damages. As a result, Plaintiff filed the instant suit on behalf of herself and all others similarly situated, seeking recovery of unpaid overtime wages, liquidated damages, and legal fees for the time periods between December 1, 2008 to April 17, 2009, and from March 28, 2010, to October 2010, under the provisions of the Fair Labor Standards Act. Plaintiff also seeks the balance of unpaid back wages, liquidated damages, and legal fees for the time period relevant to the

1

Department of Labor investigation, between April 18, 2009 and March 27, 2010.

On May 15, 2012, the Court granted the Plaintiff's Motion for Clerk's Entry of Default as to all Defendants (Rec. Doc. No. 16).

## II. PENDING MOTIONS

On May 22, 2012, the Defendants filed a Motion to Set Aside Default (Rec. Doc. No. 17). Defendants argue that the Court should set aside its entry of default because they had good cause for failing to answer Plaintiff's suit. In particular, Defendants contend that they failed to file an answer because they believed that the claims had been resolved as a result of the settlement negotiated with the Department of Labor following the audit. Defendants explain that they had been unable to reach the counsel originally retained in the dispute, and have since retained new counsel for the remainder of the suit. Furthermore, Defendants argue that setting aside the default would not prejudice Plaintiff because, as the matter is a potential class action suit, the parties will have to partake in significant discovery in any event.

Plaintiff opposes the motion, arguing that Defendants have not shown good cause and that setting aside the default will cause her prejudice. First, Plaintiff argues that Defendants willfully failed to timely reply to the lawsuit. According to the Plaintiff, her complaint provided the Defendants adequate notice that the suit exceeded the scope, both chronologically and in terms of parties involved, of the Department of Labor settlement. Second, Plaintiff contends that the Defendants have failed to present facts and allegations showing a meritorious defense to Plaintiff's complaint, as required by *Dierschke*. Finally, Plaintiff argues that setting aside the entry of default would prejudice both her and the putative class members, because the statute of limitations on each member's claim is not tolled until they "opt-in" to the class action suit.

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 55 provides that the standard for setting aside an entry of default is "good cause." Fed.R.Civ.P. 55(c). In reviewing a decision to set aside a default, the Fifth Circuit noted that "courts 'universally favor trial on the merits,' and that the decisions to set aside a default is committed to the sound discretion of the trial court, a discretion that obviously is not unlimited". *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992) (quoting *Bridoux v. Eastern Air Lines, Inc.*, 214 F.2d 207, 210 (D.C. Cir. 1954) (internal quotation marks removed)).

#### B. Analysis

Defendants have asked the Court to set aside the preliminary entry of default, citing their erroneous belief that Plaintiff's claim had been settled through the Department of Labor audit. In addition, Defendants note that they had been unable to contact their counsel prior to receiving the notice of preliminary default, and have since retained new counsel to represent them in this matter. Plaintiff opposes Defendants' motion arguing that Defendants' default was willful and that Defendants have failed to satisfy the remaining elements set forth in *Dierschke*.

In the *Dierschke* opinion, the Fifth Circuit reiterated the three factors to consider in assessing good cause in a default setting. The factors were, as the Circuit noted, "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id*. (citing *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985)). The Fifth Circuit also noted that this list was not exclusive, and that courts have also relied on other factors, including whether the defendant acted expeditiously

to correct the default. *Id.* at 184.

In the instant case, the Defendants aver that they failed to reply to the Plaintiff's lawsuit because they believed that the settlement with Plaintiff, reached at the conclusion of the Department of Labor audit, resolved her claim. Furthermore, they allege that they were unable to contact the attorney representing them in this matter, and, as a result, they have retained new counsel.

First, considering the potential for confusion regarding the Plaintiff's settled claims, as well as the Defendants' inability to receive advice of their retained counsel, the Court finds that the Defendants did not willfully default. Second, although the Plaintiff argues that the putative class members will be prejudiced by an entry of default, the Court does not find this argument weighing significantly against vacating the entry of default. The Court recognizes that the statute of limitations is not tolled on a class member's claim until they "opt-in" to the class action, however it is not clear that the vacating the entry of default will cause significant prejudice to the putative class members' claims. This suit has not yet been certified as a class action, and therefore, whether or not the entry of default is set aside, there will still likely be a delay during the certification process before putative class members are notified.

Finally, the Court notes two additional, non-*Dierschke* factors weighing in favor of setting aside the default. The Defendants filed their motion to set aside the preliminary default a week after it was entered, a fact which tends to prove that they acted expeditiously to correct the default. Furthermore, the Court reiterates the fact that the Fifth Circuit favors trials on the merits to resolution through default, a value with additional weight in a lawsuit that may resolve multiple claims against a defendant, such as the instant potential class action. In consideration of

all of the above factors, the Court finds that the Defendants have shown good cause to set aside the entry of default.

Although the Plaintiff argues that the Defendants have not fully addressed the third factor mentioned by the *Dierschke* court, whether the Defendants have argued a meritorious defense, this discussion is not necessary. The Fifth Circuit held that although the multiple considerations may weigh on a district court's ruling, the factors are disjunctive. *Id*. at 183-84.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Set Aside the Preliminary Default (Rec. Doc. No. 17), filed by Defendants is hereby **GRANTED**.

New Orleans, Louisiana, this 17th day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE