UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NICOLE LEE** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 12-27** |
| | * | |
| **CENTER FOR PSYCHOLOGICAL** | * | **JUDGE FALLON** |
| **HEALTH CARE, INC., ET AL.** | * | |

**ORDER & REASONS**

Before the Court is a Motion for Summary Judgment filed on behalf of Plaintiff, Nicole Lee. (R. Doc. 35). The Court has reviewed the submitted memoranda and the applicable law and now issues this Order and Reasons.

**I. BACKGROUND**

Plaintiff Nicole Lee brings this overtime wage lawsuit pursuant to the Fair Labor Standards Act, Title 29, United States Code, Sections 201, et seq. ("FLSA"), both in her individual capacity and also as a FLSA Collective Action on behalf of others similarly situated. Made Defendants herein are Center for Psychological Healthcare, Inc. ("CPHC"), CPHC Manhood Training, Inc., and their owners and officers, Frances M. Toldson and her now-deceased husband, Dr. Ivory L. Toldson (collectively, "Defendants"). This case arises out of Defendants' employment of Lee from approximately October 2005 to October 2010. In her Complaint, Lee alleges that, during that time, Defendants failed to pay her due overtime wages. (R. Doc. 1). As a result, she sought assistance from the United States Department of Labor. Although the Department of Labor conducted an audit of Defendant Center for Psychological Health Care, Inc. ("CPHC"), Lee alleges that scope of the investigation was inadequate and

1

would not allow her to recover adequate compensation or liquidated damages. As a result, on January 18, 2012, Lee filed the instant suit in this Court on behalf of herself and all others similarly situated, seeking recovery of unpaid overtime wages, liquidated damages, and legal fees for the time periods between December 1, 2008 to April 17, 2009, and from March 28, 2010, to October 2010, under the provisions of the FLSA. Lee also seeks the balance of unpaid back wages, liquidated damages, and legal fees for the time period relevant to the Department of Labor investigation: April 18, 2009 to March 27, 2010.

Lee obtained a preliminary default on May 15, 2012. One week later, the Defendants filed a Motion to set the default aside and an Answer denying liability. (R. Docs. 17, 18). On July 17, 2012, the Court granted the Defendants' Motion to Set Aside the Preliminary Default and ordered the case scheduled for trial.

**II.     PENDING MOTION**

On June 1, 2013, the Plaintiff Nicole Lee filed the instant Motion seeking summary judgment (R. Doc. 35). Lee seeks a judgment: (1) declaring that CPHC is an enterprise under the FLSA; (2) finding that Defendants CPHC, Ivory Toldson, and Frances Toldson are jointly and severally liable to Lee; (3) awarding Lee $9,213.99 in back overtime wages and $13,301.66 in liquidated damages. In support of her Motion, Lee argues that CPHC meets the FLSA's definition of an "enterprise" because it employed several individuals, including Lee, and because its sales volume exceeded $500,000. Lee further points out that Defendants do not dispute this point.

As to joint and several liability, Lee argues that binding precedents define the term "employer" as used in the FLSA to include corporate officers along with the corporation. Lee

further argues that individuals are joint employees when they exercise control over employee responsibilities, hiring, firing, pay rates, and employment records. Lee alleges that Ivory Toldson, as CEO, and Frances Toldson, as COO, exercised such control and are therefore joint employers under the FLSA. Lee further notes that Defendants do not dispute that Lee was their employee.

The parties dispute several points with regard to the appropriate calculation of damages. The first issue is the appropriate overtime calculation for a salaried employee; Lee was paid a $700 per week salary from March 28, 2010 until October 5, 2010. Lee argues that Defendants intended for her salary to compensate her at a rate of $10.94 per hour, meaning that her $700 per week salary was intended to compensate her for 64 hours per week. Lee therefore requests $5.47 per hour (half-time) for hours between 40 and 64, and $16.47 (time-and-a-half) for any hours in excess of 64 in a given week.

The second issue is the applicable limitations period. Lee argues that the FLSA provides for a three-year period if a defendant's conduct represents a willful violation of the law. Lee further argues that Frances Toldson, who completed a degree in business education, and who claims to have been ignorant of the FLSA and its requirements, actually complied with the FLSA's requirements prior to December 1, 2008 in that Defendants paid hours in excess of 40 in a given week at a rate of time-and-a-half, as per the FLSA requirements. Lee alleges that, when Lee asked why Defendants stopped paying her overtime, Frances Toldson explained that CPHC did not have to pay overtime because it was a "small company." Lee argues that Defendants' compliance with the FLSA's overtime requirements demonstrates their knowledge of same, and that their decision to stop complying without seeking legal advice can only be understood as a

willful violation.

The third issue is the appropriateness of liquidated damages.  Lee argues that the FLSA requires liquidated damages in an amount equal to back wages unless a defendant can prove an affirmative defense of good faith.  Lee argues that Defendants have not pled such a defense, and in any case have not met and cannot meet their substantial burden based on the undisputed facts.  Lee therefore seeks $13,301.66 in liquidated damages.

Defendants oppose Lee's Motion.  (R. Doc. 38).  Defendants argue that they are liable to Lee under the FLSA, but for a smaller amount than Lee claims.  As a result, Defendants ask the Court to grant Lee's Motion only in part, and to award Lee $5,295.11 in unpaid overtime, and no liquidated damages.

In support of their position as to the salary issue, Defendants argue that the salary was intended to compensate Lee for all hours worked, and thus calculate her overtime for the salaried period based on a reduced hourly rate.  Defendants do not provide any citation to evidence in the record to support their position as to this intention.

As to the applicable limitations period and the appropriateness of liquidated damages, Defendants make essentially one argument: that they acted in good faith at all times and complied with the Department of Labor's investigation.  Defendants argue that their good faith precludes this Court's finding that their violation of the FLSA was willful, and that therefore a two-year limitations period applies.  Defendants further argue that liquidated damages are not appropriate because of their good faith.

Defendants also argue that Lee cannot establish personal liability against Ivory Toldson or Frances Toldson for their violations of the FLSA.  Defendants argue that the LLC

structure shields them from personal liability.

Defendants also argue that they did not give authority to Mr. Simmons, their former counsel, to toll the statute of limitations during attempts to settle this matter before Lee filed suit. Defendants argue that this Court should apply the applicable limitations period from the date that Lee filed suit rather than from December 1, 2011 pursuant to their agreement.

Lee filed a reply memorandum in support of her Motion. (R. Doc. 42). In it, she argues that the tolling agreement is valid and enforceable against Defendants because Mr. Simmons agreed both orally and via email to toll the statute as of December 1, 2013. As to Simmons' authority, Lee notes that Frances Toldson's deposition testimony makes clear that Simmons was her lawyer and Defendants were Simmons' clients at the relevant times. Lee further argues that she is entitled to all unpaid overtime, including overtime that remains unpaid from the period covered by the Department of Labor's investigation. Lee repeats her argument that the Defendants' earning statement indicates the hourly pay rate upon which Lee's salary was based and thus the number of hours per week that her salary was intended to compensate. Lee also renews her arguments as to the applicable limitations period and the appropriateness of liquidated damages. Finally, Lee argues that Defendants cite the incorrect standard for the determination of individual liability under the FLSA.

### III.    LAW & ANALYSIS

#### A. Summary Judgment Standard

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24; Fed. R. Civ. P. 56(e)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted). Partial summary judgment dismissing only certain claims is appropriate under the same standards. *See* Fed. R. Civ. P. 56(d).

**B. Analysis**

The parties do not dispute several initial points, and the Court finds that there is no genuine issue of material fact, and that Plaintiff Nicole Lee is entitle to judgment as a matter of law, on these initial points. Specifically, there is no disputing the fact that CPHC was Lee's

"employer" and "an enterprise engaged in commerce" as defined by the FLSA.  The Court will grant Plaintiff's Motion as to this threshold issue.

As to the individual liability of Ivory and Frances Toldson, there is a dispute among the parties.  The Court finds that Frances Toldson and, until his death, Ivory Toldson, jointly owned CPHC and served as its corporate officers.  The Court finds that both individuals had and exercised the power to hire and fire employees and to determine their rate and method of employment.  Accordingly, under the economic reality test defined by the United States Court of Appeals for the Fifth Circuit, the Court finds that Ivory and Frances Toldson were both joint employers of Plaintiff Nicole Lee.  *See Martin v. Spring Break '83 Prod.*, 688 F.3d 247, 251-53 (5th Cir. 2012).  CPHC, Ivory Toldson, and Frances Toldson were Lee's employers as defined by the FLSA and relevant precedents, and are therefore jointly and severally liable to Plaintiff Nicole Lee for their violations of the FLSA.  The Court will grant Plaintiff's Motion as to this issue.

As to the parties' tolling agreement, the Court finds that Mr. Simmons was acting as Defendants' lawyer at the time that he consented to the tolling agreement.  If some Defendants wish to dispute the scope of his authority, they may do so in a proceeding against Mr. Simmons.  This Court finds that Mr. Simmons's oral and written agreement binds the parties, and that the applicable limitations period must be calculated from December 1, 2011, as agreed.  The Court will grant Plaintiff's Motion as to this issue.

As to the recoverability of back overtime earned during the period covered by the Department of Labor's investigation, the Defendant cites no authority, and the Court can locate no authority, indicating that a Plaintiff is precluded from claiming overtime wages earned during

the period of a wage hour audit.  The Court finds that the Plaintiff's claims for unpaid overtime during the relevant period are not precluded.  The Court will grant Plaintiff's Motion as to this issue.

As to the proper calculation of Plaintiff's wages during the period in which Defendants paid her a salary, the Court notes that Defendants cite no evidence in support of their position that the salary was intended to compensate Lee for all hours worked.  After considering all the facts and circumstances, including the notation on Defendants' earning statement indicating a rate of pay of $10.94 per hour, the Court finds that the evidence establishes the fact that the parties intended the salary to compensate Lee for 64 hours of work per week.  The Court will grant Plaintiff's Motion as to this issue.

The Court will reserve ruling on the remaining issues raised in Plaintiff's Motion.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment filed on behalf of Plaintiff Nicole Lee (R. Doc. 35) is hereby **GRANTED IN PART AND TAKEN UNDER ADVISEMENT IN PART** as follows: Plaintiff's Motion is granted insofar as the Court finds that Defendants CPHC, Frances Toldson, and Ivory Toldson employed Plaintiff and are jointly and severally liable to Plaintiff for their relevant violations of the FLSA; Plaintiff's Motion is also granted insofar as the Court finds that the parties have agreed to toll the applicable limitations period effective December 1, 2011; Plaintiff's Motion is also granted insofar as the Court finds that Plaintiff is entitled to recover all unpaid back overtime, including overtime wages that became due during the time period covered by the Department of Labor's investigation; and Plaintiff's Motion is also granted insofar as the Court finds that the parties

intended that Plaintiff's salary would compensate her for 64 hours of work per week. The remaining issues in Plaintiff's Motion are taken under advisement.

New Orleans, Louisiana, this 24th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE